**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | **No. 1:22-cv-01314** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **ALICIA KELSEY, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

**<u>ORDER</u>**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On August 22, 2022, the United States of America ("Plaintiff") initiated the above-caption action against Defendants Alicia Kelsey, Solely in Her Capacity as Heir of Shelley Raye Smith, Deceased, Joshua Rupert, Solely in His Capacity as Heir of Shelley Raye Smith, Deceased, Judson Rupert, Solely in His Capacity as Heir of Shelley Raye Smith, Deceased, and The Unknown Heirs of Shelley Raye Smith, Deceased ("The Unknown Heirs") ("Defendants"), seeking payment for a Note and Mortgage (Doc. No. 1) loaned by Plaintiff to Shelley Raye Smith, Deceased, pursuant to the provisions of Title V of the Housing Act 1949, as amended, 42 U.S.C. § 1471, <u>et</u> <u>seq</u>.  The Clerk of Court issued a summons to Plaintiff for service of the complaint on Defendants on the same date.  (Doc. No. 2.)  On October 12, 2022, Plaintiff returned the summons executed as to Defendant Alicia Kelsey.[1]  (Doc. No. 5.)  On April 18, 2023, this Court issued an Order directing Plaintiff to file a report as to the status of this action. (Doc. No. 6.)  On June 14, 2023, Plaintiff returned the summons executed as to Defendants

---

[1] Defendant Alicia Kersey was served on October 1, 2022.  (Doc. No. 5.)

Judson Rupert[2] and Joshua Rupert.  (Doc. Nos. 7–8.)  On that same date, Plaintiff returned the summons unexecuted as to The Unknown Heirs.  (Doc. No. 9.)  Plaintiff also filed a status report informing the Court that Plaintiff intended to file a motion for substitute service for The Unknown Heirs.  (Doc. No. 10.)

On August 29, 2023, Plaintiff filed a Motion for Service by Posting Property and Certified Mail.  (Doc. No. 11.)  When fourteen days passed without Plaintiff filing a brief in support of the motion, on September 14, 2023, the Court issued an Order deeming the motion withdrawn pursuant to Local Rule 7.5 of this Court.  (Doc. No. 12.)  More than eight months later, on May 30, 2024, Plaintiff filed a second Motion for Service by Posting Property and Certified Mail.  (Doc. No. 13.)  When fourteen days passed without Plaintiff filing a brief in support of the motion, on June 14, 2024, the Court again issued an Order deeming the motion withdrawn pursuant to Local Rule 7.5 of this Court.  (Doc. No. 14.)

---

[2]  Plaintiff filed its complaint on August 22, 2022.  Defendant Joshua Rupert was served on October 21, 2022 (Doc. No. 8) and Defendant Judson Rupert was served on December 6, 2022 (Doc. No. 7).  Federal Rules of Civil Procedure 4(m) states that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See Fed. R. Civ. P. 4 (m).  The 90 day-period elapsed on November 20, 2022.  Following the expiration of the ninety-day period, and before the court entered an order with an alternative deadline, Defendant Judson Rupert was served on December 6, 2022.  (Doc. No. 7.)  The United States Court of Appeals for the Third Circuit ("Third Circuit") prefers "that cases be disposed of on the merits whenever practicable."  See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (collecting cases).  Although Defendant Judson Rupert was served outside of the ninety-day time period provided by Rule 4(m), "[i]t would be an appropriate exercise of discretion to hold that Plaintiff acted in good faith to effectuate service" and Defendant Judson Rupert accepted service on December 6, 2022.  See Kerr v. Sagan, No. 21-cv-00459, 2022 WL 7570950, at *8 (M.D. Pa. Oct. 13, 2022).

On June 25, 2024, Plaintiff again filed a Motion for Service by Posting Property and Certified Mail, this time with an accompanying brief.  (Doc. Nos. 15, 16.)  By way of its motion, Plaintiff seeks an Order from the Court directing service "by publication, posting, registered mail and/or such other methods, if any, as the court deems appropriate to give notice to the Defendant[s]."  See (Doc. No. 15 ¶ 9) (quoting Pennsylvania Rule of Civil Procedure 410 (c)).[3]

In support of its motion, Plaintiff attaches Exhibit A, dated May 24, 2022, which appears to be an "affidavit of good faith investigation" by ProVest, LLC.  (Doc. No. 15-2.)  Exhibit A states that, based on an heir search, Defendants Alicia Kelsey, Joshua Rupert, and Judson Rupert are the heirs of Shelley Raye Smith.  (Id. at 1–2.)  Exhibit A also notes that the process server was able to contact Defendants Alicia Kelsey, Joshua Rupert, and Judson Rupert.  (Id.)  The affidavit states that no other heirs have been located.  (Id. at 2.)  Plaintiff also attaches an affidavit of its counsel, Attorney Michael McKeever, relating to its effort to serve Defendant The Unknown Heirs of Shelley Raye Smith.  (Doc. No. 15-1.)  In his affidavit, McKeever avers the following:

> 1. Plaintiff has attempted to effectuate service of a Summons and Complaint in Mortgage Foreclosure on [The Unknown Heirs], through diligent efforts, attempting personal service at the property to no avail.
>
> 2. [The Unknown Heirs] no longer reside[] in the mortgage property, as evidenced by the certification of the process server attached to Plaintiff's motion.

---

[3] Pennsylvania Rule of Civil Procedure 410(c) provides that:

> (c) If service is made pursuant to an order of court under Rule 430(a), the court shall direct one or more of the following methods of service:
>
> > (1) publication as provided by Rule 430(b), (2) posting a copy of the original process on the most public part of the property, (3) registered mail to the defendant's last known address, and (4) such other methods, if any, as the court deems appropriate to give notice to the defendant.

See 231 Pa. Code § 410.

3. [The Unknown Heirs] cannot be located, making personal service of the complaint and summons upon Defendant impossible.

4. Despite Plaintiff's best and good faith effort to locate Defendant, The Unknown Heirs of Shelley Raye Smith, Deceased, cannot be found within the Middle District of Pennsylvania and whose whereabouts are unknown.

(Id. ¶¶ 1–4.)

Federal Rule of Civil Procedure 4(e)(1) provides that service may be made in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See Fed. R. Civ. P. 4(e)(1).  Under the Pennsylvania Rules of Civil Procedure,

[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

See Pa. R.C.P. No. 430(a).

"Service by special order is an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted." Countrywide Home Loans, Inc. v. Stringer, No. 07-cv-02072, 2008 WL 3853239, at *2 (M.D. Pa. Aug. 15, 2008). To establish that alternative service, such as service by publication, is appropriate, the plaintiff bears the burden of showing: "(1) an unsuccessful attempt to properly serve the defendant; (2) a good faith effort to locate the defendant; and, (3) a method of alternative service that is reasonably calculated to give actual notice to the defendant." See id. Pennsylvania Rule of Civil Procedure 430(a) offers the following illustrations of a "good faith effort to locate the defendant":

(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories,

4

courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

<u>See</u> Pa. R.C.P. No. 430.  However, "[a]lternative service is only appropriate when service 'cannot be made' under the applicable Rule, and only as a last resort."  <u>See</u> <u>Grove v. Guilfoyle</u>, 222 F.R.D. 255, 257 (E.D. Pa. 2004).

Here, Plaintiff has satisfied the first prong by demonstrating an unsuccessful attempt to properly serve the defendant.  <u>See</u> (Doc. No. 9).  Based on Plaintiff's counsel's affidavit and Exhibit A in support of its motion, Plaintiff has demonstrated the second prong that it made a "good faith effort to locate the defendant[s]," pursuant to Rule 430(a).  Exhibit A includes the "heir search results" for Shelley Raye Smith, Deceased, and the author notes where the obituary was located as well as that Defendant Alicia Kelsey "confirmed the children listed in the obituary are the only biological children of Shelley Raye Smith."  <u>See</u> (Doc. No. 15-2 at 1–2). Plaintiff's claim that "[The Unknown Heirs] no longer reside[] in the mortgage property" (Doc. No. 15-1 ¶ 2), is supported by the unexecuted summons, which states that the address on September 28, 2022 was unoccupied and no utilities were turned on.  <u>See</u> (Doc. No. 9 at 1). Plaintiff has demonstrated that its investigation yielded no other Defendants and therefore that the Unknown Defendants can only be served via posting to property.  Although Plaintiff attempted service only one time, "[t]he number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical . . . ."  <u>See</u> <u>Banegas v. Hampton</u>, No. 08-cv-05348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009). Therefore, the Court is satisfied that Plaintiff has demonstrated that it made a "good faith effort to locate the Defendant[s]" under Pennsylvania Rule of Civil Procedure 430.  <u>See</u> Pa. R.C.P. No. 430.

The third prong is whether the alternate means of service is "reasonably calculated to give actual notice to the defendant[s]."  See Countrywide Home Loans, 2008 WL 3853239, at *2.  "Alternative service is a remedy of 'last resort,' and is only appropriate when service under the applicable rules of civil procedure cannot be made."  Morgan Truck Body, LLC v. Integrated Logistics Sols., LLC, No. 07-cv-01225, 2008 WL 746827, at *6 (E.D. Pa. Mar. 20, 2008) (citing Grove, 222 F.R.D. at 256).  Here, because Plaintiff has been unable to identify and locate any other heirs, posting the complaint at the property and mailing it to the property by certified mail will place any potential Unknown Heirs "on notice."  See Olympic Steel, Inc. v. Pan Metal & Processing, LLC, No. 11-cv-06938, 2012 WL 682381, at *4 (E.D. Pa. Mar. 2, 2012) (granting Plaintiff's motion for alternative service and allowing Plaintiff to post and mail copies of the summons and complaint to the last known addresses of defendants); see also United States v. Kaplan, No. 17-cv-01760, 2019 WL 13251181, at *3 (D.N.J. May 6, 2010) (allowing the plaintiff to effectuate service as to the defendant's unknown heirs by affixing a copy of the notice in the form of a summons upon the affected land).  Accordingly, having found that Plaintiff has met its burden to demonstrate the appropriateness of alternate service on the Unknown Heirs, the Court will grant Plaintiff's Motion for Service by Posting Property and Certified Mail (Doc. No. 15)

AND SO, on this 12th day of September 2024, in accordance with the foregoing, **IT IS ORDERED THAT**:

1.   Plaintiff's Motion for Service by Posting Property and Certified Mail (Doc. No. 15) is **GRANTED**; and

2.    Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff **SHALL** effect service within forty-five (45) days.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
