# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | No. 1:22-cv-01314 |
| | : | |
| **v.** | : | (Judge Kane) |
| | : | |
| **ALICIA KELSEY, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is the United States of America ("Plaintiff")'s motion for entry of default judgment against Defendants Alicia Kelsey, Solely in Her Capacity as Heir of Shelley Raye Smith, Deceased, Joshua Rupert, Solely in His Capacity as Heir of Shelley Raye Smith, Deceased, Judson Rupert, Solely in His Capacity as Heir of Shelley Raye Smith, Deceased, and The Unknown Heirs of Shelley Raye Smith, Deceased ("Defendants"). (Doc. No. 20.) As Defendants have yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant Plaintiff's motion.

**I.      BACKGROUND**

On August 22, 2022, Plaintiff initiated the instant mortgage foreclosure action by filing a complaint against Defendants to foreclosure on certain real property located at 1116 West Garber Street, Mount Union, Pennsylvania, 17066 (the "Property"). (Doc. No. 1.) The complaint alleges that Plaintiff, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service of the United States Department of Agriculture, loaned Shelley Raye Smith, Deceased the sum of $80,000.00 on or about July 31, 2012, pursuant to the provisions of Title V of the Housing Act 1949, as amended, 42 U.S.C. § 1471, et seq., to finance the purchase of the Property, evidenced by the Promissory Note ("Note"), executed and delivered to Plaintiff the same day. See (id. ¶¶ 3–4) (citing Doc. No. 1-2 at 1–3 (Note)). As security for payment on

the Note, Shelley Raye Smith executed and acknowledged a Real Estate Mortgage ("Mortgage"), granting, conveying, and mortgaging the Property to Plaintiff.  See (id. ¶¶ 5, 8) (citing Doc. No. 1-2 at 4–11 (Mortgage)).  The Mortgage was duly recorded on July 31, 2023 with the Office of the Recorder of Deeds in Huntingdon County, Pennsylvania, in Instrument # 2012-005810.  (Id. ¶ 5.)  On June 18, 2020, Shelley Raye Smith died intestate, and is survived by Defendants Judson Rupert, Joshua Rupert, Alicia Kelsey, and the Unknown Heirs.  (Id. ¶ 6.)  Plaintiff remains the owner and holder of the Note and Mortgage.  (Id. ¶ 7.)

According to the complaint's allegations, the Note and Mortgage are presently in default because Defendants have failed or refused to comply with the provisions of the Note and Mortgage as follows: "(a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property."  (Id. ¶ 9.)  Due to Defendants' purported default in the performance of their obligations under the Note and Mortgage, Plaintiff has elected to "declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable."  (Id. ¶ 10.)  The amounts due and owing to Plaintiff on the Note and Mortgage total $79,377.44.  (Id. ¶ 11.)  Plaintiff provides the breakdown of the amounts owing as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $65,815.04 |
| Interest from 02/29/2020 to 12/01/2021 at 3.1250% | $3,617.60 |
| Interest Recapture | $7,125.55 |
| | |
| Fees Required with Payoff Funds | + $14.32 |
| Fees Currently Assessed | + $628.23 |
| Escrow Impounded Required | + $2,176.70 |
| | $79, 377.44 |

2

(Doc. Nos. 1 ¶ 11; 20 at 2.)  Plaintiff also avers that there is "interest accruing upon the unpaid balance from December 1, 2021 at the daily rate of $5.63."  (Doc. No. 20 at 2.)  Plaintiff further maintains that the proper notice was mailed to Defendants via certified mail.  (Doc. No. 1 ¶ 12.)[1]

A review of the docket in this matter reveals that the Clerk of Court issued a summons to Plaintiff for service of the complaint on Defendants on August 22, 2022.  (Doc. No. 2.)  Defendant Alicia Kelsey was served with Plaintiff's complaint on October 1, 2022, establishing a deadline of October 24, 2022.  (Doc. No. 5.)  Defendant Joshua Rupert was served on October 21, 2022, establishing a deadline for him to file an answer to the complaint by November 11, 2022.  (Doc. No. 8.)  Defendant Judson Rupert was served on December 6, 2022, establishing a deadline for him to file an answer to the complaint by December 27, 2022.  (Doc. No. 7.)  The Unknown Heirs were served on September 20, 2024, establishing a deadline of October 11, 2024.  (Doc. No. 18.)[2]  Because Defendants failed to respond to the complaint or otherwise

---

[1] Plaintiff posits that the following notices have been sent to Defendants: "Notice of Intention to Foreclose pursuant to Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983 (as amended in 2008), and/or Notice of Intention to Foreclosure as required by the terms of the Mortgage, as applicable."  See (Doc. No. 1 ¶ 12) (citing Doc. No. 1-2 at 12–17 (Notices from Plaintiff to Defendants)).

[2] On June 14, 2023, Plaintiff returned the summons unexecuted as to The Unknown Heirs. (Doc. No. 9.)  On August 29, 2023, Plaintiff filed a Motion for Service by Posting Property and Certified Mail.  (Doc. No. 11.)  When fourteen (14) days passed without Plaintiff filing a brief in support of the motion, on September 14, 2023, the Court issued an Order deeming the motion withdrawn pursuant to Local Rule 7.5 of this Court.  (Doc. No. 12.)  More than eight months later, on May 30, 2024, Plaintiff filed a second Motion for Service by Posting Property and Certified Mail.  (Doc. No. 13.)  When fourteen (14) days passed without Plaintiff filing a brief in support of the motion, on June 14, 2024, the Court again issued an Order deeming the motion withdrawn pursuant to Local Rule 7.5 of this Court.  (Doc. No. 14.)  On June 25, 2024, Plaintiff again filed a Motion for Service by Posting Property and Certified Mail, this time with an accompanying brief.  (Doc. Nos. 15, 16.)  On September 12, 2024, the Court issued an Order granting Plaintiff's motion and directing Plaintiff to effect service on the Unknown Heirs within forty-five (45) days.  (Doc. No. 17.)  On October 3, 2024, Plaintiff returned the executed summons.  (Doc. No. 18.)

defend this action, Plaintiff requested an entry of default against all Defendants pursuant to Federal Rule of Civil Procedure 55(a) on October 21, 2024. (Doc. No. 19.) The Clerk of Court entered default later that same day. (Doc. No. 23.) Simultaneously with the filing of its request for an entry of default, Plaintiff also filed a motion for entry of default judgment with an accompanying brief and exhibits,[3] requesting a sum of $79,377.44. (Doc. Nos. 20–22.) Plaintiff provided a certificate of service stating that Defendants were served with the instant motion by United States Mail on October 21, 2024. (Doc. No. 20 at 4.)[4] As Defendants have not yet responded to the pending motion for default judgment, the Court deems Plaintiff's motion for entry of default judgment (Doc. No. 20) unopposed. Accordingly, the motion is ripe for disposition.

## II.   LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. Apr. 2023 update) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, a party may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender 3d ed. 2010). It is well settled

---

[3] Plaintiff provides the affidavit of Michael T. McKeever, Esquire, attorney for Plaintiff (Doc. No. 20 at 2–3), affidavits and returns of service on Defendants (Doc. No. 20-1), a proposed order (Doc. No. 20-2), and affidavit of non-military service (Doc. Nos. 22, 22-1).

[4] Plaintiff served the Unknown Heirs by mailing a copy of the instant motion to the Property's address. (Doc. No. 20 at 4.)

that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-cv-01230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." See 10A Wright & Miller, Federal Practice and Procedure § 2688; see also Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that "before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Damages must be determined by the district court if they are not for a "sum certain or a sum that can be made certain by computation." See id. (quoting Fed. R. Civ. P. 55(b)).

### III. DISCUSSION

Having reviewed the record, including Plaintiff's complaint, motion for default judgment, supporting brief, exhibits, and accompanying affidavits, the Court finds that the entry of default judgment against Defendants and in favor of Plaintiff is appropriate. As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for mortgage foreclosure, as Plaintiff has shown "the existence of an obligation secured by a mortgage, and a default on that obligation." See United States v. Sourbeer, No. 16-cv-01161, 2016 WL 5373641, at *1 (M.D. Pa. Sept. 26, 2016) (quoting United States v. Abell, No. 09-cv-00715, 2012 WL 27627, at *2 (M.D. Pa. Jan. 9, 2012)). In addition, Plaintiff has offered support for its claim of a sum certain of $79,377.44 plus interest accruing upon the unpaid balance from December 1, 2021 at the daily rate of $5.63 in the relevant documents and affidavit accompanying its complaint and motion for default judgment. (Doc. Nos. 1, 1-1 through 1-2, 20–21); see also Sourbeer, 2016 WL 5373641, at *2 (stating that "[t]here are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees. . . . This amount is a sum certain, as 'no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default'").

Further, Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendants. First, Plaintiff will be prejudiced if the Court declines to enter default judgment, as Plaintiff is unable to proceed with the action due to Defendants' failure to respond and has no other means of recovering against Defendants. See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-cv-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (stating that the "[p]laintiffs will be prejudiced . . . by their current inability to proceed with their action due to [d]efendants' failure to defend"). Second, Defendants have not asserted a meritorious

defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendants' silence that Defendants have a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-cv-01524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011) (granting default judgment in favor of the plaintiff when the "[d]efendants have not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment"). Third, the Court cannot discern from the record any excuse or justification for Defendants' default apart from Defendants' own culpability. Indeed, Defendants have failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for her failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10-cv-04487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendants' failure to participate in this litigation, the Court must conclude that the delay is the result of Defendants' culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff, and thus, will grant Plaintiff's motion for default judgment.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for entry of default judgment (Doc. No. 20) and enter default judgment in favor of Plaintiff and against Defendants. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
